Jones, J.
The relator has invoked the jurisdiction of this court and asks for a writ of mandamus requiring the state superintendent of insurance to revoke all licenses issued by his department to insurance companies by authority of which they engage to indemnify physicians and surgeons against liability imposed upon them for damages resulting from malpractice or mistake. His action is predicated upon the claim that these indemnity contracts are violative of the state law and for that reason licenses permitting them to do such business are invalid.
We are of the opinion that the relator is not entitled to the writ. There is no principle more settled in the jurisprudence of this state and elsewhere than that a writ of mandamus will not issue in a case where the employment of the writ does not give a complete and full remedy; or in a case where the law affords other adequate and specific remedy securing the enforcement of the right or correcting the wrong complained of. The mandate of the Ohio statute recognizes this principle in the following clause of Section 12287, General Code: “The writ [mandamus] must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. ’ ’ The principle is also well recognized that wherever the statute provides a specific *425 remedy, fully adequate to correct the grievances complained of, this writ will not lie. High’s Ex. Legal Rem. (3 ed.), Sec. 16, and 26 Cyc., p. 175.
In this state a specific remedy has been provided which is far more adequate to redress the grievances complained of than is the employment of the writ of mandamus.
Section 12304, General Code, authorizes a civil action in quo warranto, brought in the name of the state, against a corporation exercising a franchise, privilege or right in contravention of law.
It appears from the petition that the license or certificate to do the business complained of was issued to the Fidelity and Casualty Company of New York by the superintendent of insurance. It has been held that this certificate, so long as it remains in force, confers upon the insurance company the right to do business in this state, and that the privilege so conferred is a franchise. State, ex rel., v. Ackerman, 51 Ohio St., 163.
Exercising the franchise conferred, the only adequate remedy by which the validity of the franchise can be tested, as announced in the foregoing case, is by an action in quo warranto, brought directly against the corporation offending. A judgment in such case would be a final determination of the rights, both of the state and of the insurance company. It is readily seen that any action taken by the court in a mandamus proceeding, where the insurance company was not a party to the suit, would in no wise be binding upon the insurance company. What boots it that this court issue its writ of mandamus compelling a revocation of this license, if the insurance company may later appeal to a court for *426 a hearing and judgment in a cause wherein it is a party* The futility of such proceeding is clearly shown in the present case.
After the filing of the demurrer to the petition the relator filed a so-called amendment to his petition, in which he alleged that the Aetna Life Insurance Company, of Hartford, Connecticut, had also procured a license for writing contracts indemnifying automobile owners against loss resulting from claims upon the assured for damages suffered by another by reason of the ownership, maintenance or use of such automobiles, and that numerous other companies, whose names were unknown to the relator, were likewise writing contracts of indemnity “similar if not identical in terms with that of the Aetna company.”
Evidently the petition is intended as a catchall, as it asks for the revocation of licenses to all companies in general which may be engaged in writing the indemnity contracts referred to. However, these licenses may prove to be entirely dissimilar, or some of the companies may disclaim authority to act under the same provisions of statute which permit the licensing of other companies. Obviously, in a single suit, this court cannot assume the task of defining the franchise of various companies writing varying contracts, especially in the absence of the real parties in interest. It is very clear that the relator cannot use a writ of mandamus to supplant the remedy in quo warranto, whose virtue lies in not only furnishing a complete and adequate remedy but in having the interested parties before the court.
*427 For the reasons stated, the demurrer to the petition will be sustained and the writ denied.

Writ denied.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Matthias, JJ., concur.